**In re Angel RIVERA SANCHEZ and Maritza Cruz Lopez, Debtors.**

**Bankruptcy No. B–87–00069(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

Sept. 11, 1987.

Sergio A. Ramirez de Arellano, Hato Rey, P.R., for Redfield Farm, Inc.

J.A. Ortiz Siragusa, San Juan, P.R., for debtors.

OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case came before the Court on July 21, 1987 for a hearing to consider the motion to dismiss filed by Redfield Farm, Inc. (Redfield) and the confirmation of the Chapter 12 plan. The confirmation of the Chapter 12 plan was denied for failure to provide for the payment to secured creditor Farmers Home Administration the equivalent value of its claim. Redfield's motion to dismiss was taken under advisement. Both the debtor and Redfield have filed post hearing memoranda.

Based upon the pleadings on file, the legal memoranda and counsels' arguments, the court now enters the following findings of fact and conclusions of law.

*Findings of Fact*

1. Debtors filed their Chapter 12 petition on January 16, 1987.

2. On February 5, 1987 the debtors prayed for an additional 30 days to file the Chapter 12 schedules. Even though the fifteen (15) day period in which to request and extension had already elapsed, the Court (Clerk) granted debtors until February 25, 1987 to file all the required documents.

3. On March 4, 1987, six (6) days after the extension granted by the Court, the debtors filed their schedules.

4. On April 14, 1987 the debtor requested an extension of time to file the Chapter 12 plan. The request was denied by order dated April 20, 1987 for not being substan-

tially justified as required by 11 U.S.C. § 1221.

5. On April 23, 1987 the debtors filed a Chapter 12 plan which provided payments for 36 months as follows: $100.00 for the first year, $200.00 for the second year and $700.00 for the third year. Unsecured creditors were to be paid together with secured creditors only during the first two years, and payments during the third year were to be made only to secured creditors. (See attachment I).

6. On June 11, 1987 debtors' attorney was instructed to notice the hearing on confirmation for July 21, 1987 at 9:00 a.m. This notice was mailed on June 12, 1987, and so certified to the court by the debtors' attorney on June 15, 1987.

7. On July 17, 1987, the debtors filed a "Modification of Plan". (Attachment II). The modified plan does not indicate the present value of any secured claim and provides that:

> "Farmers Home Mortgage Administration (FHMA), will be paid on its secured claim allowed based on the market value of their calloterals (sic), or the amount owed whichever is less, over 35 years at 5.25 per cent annual interest, payable first, under the three years of the plan and the remaining term, under 1222(c), payable directly by the debtor. Payment to FHMA will begin one year after confirmation of the plan or 506(d) complaint, whichever is latter.".

### Conclusions of Law

Section 1221 of the Bankruptcy Code states that "[t]he debtor *shall* file a plan *not later* than 90 days after the order for relief, ..." 11 U.S.C. § 1221 (Emphasis ours). After the plan is filed the Court is required to conclude the confirmation hearing within 45 days 11 U.S.C. § 1224. Pursuant to Section 1223(a), 11 U.S.C. § 1223(a), the debtor "may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1222 of this title." It is evident that the time schedule to confirm a Chapter 12 plan requires an expedited procedure and imposes a burden on the debtor to so meet.

In this case, due to an inadvertent mistake at the Clerk's Office, the confirmation hearing was not promptly scheduled to meet with the 45 day deadline of section 1224. However, such a clerical mistake by the Court does not obviate the provisions of section 1223(a) to the effect that any modification of a plan must comply with section 1222, and that any modification be notified with sufficient time not to delay or postpone the confirmation hearing. *In re Ryan*, 16 C.B.C.2d 488 (M.D.Fla.1987).

Both plans, the original plan timely filed on April 13, 1987 and the modified plan untimely filed on July 17, 1987 fail to meet the requirements of 11 U.S.C. § 1225(a)(5).

Section 1225(a)(5) provides for the treatment of secured claims. Debtors have admitted in their proposed plans that Farmers Home Administration is a secured creditor. Candidly, or audaciously, the debtors also assert in their motion for reconsideration that they do not know what is the amount owed to Farmers Home Administration, nor what part is secured or unsecured, if any, nor the amount of interest owed on the loans. (See last paragraph of page four, docket entry number 21). Section 1225(a)(5) states in its relevant part that:

> "(a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> (1) . . .
>
> (2) . . .
>
> (3) . . .
>
> (4) . . .
>
> (5) with respect to each allowed secured claim provided for by the plan—
>
> > (A) the holder of such claim has accepted the plan;
> >
> > (B)(i) the plan provides that the older of such claim retain the lien securing such claim; and
> >
> > (ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such holder; and"

■ Section 1225(a)(5) thus provides three alternatives for a secured claim under a Chapter 12 plan. 5 Collier on Bankruptcy, 15th Edition, ¶ 1225.02 at page 1225–4. The first alternative is not met because Farmers Home Administration has not accepted the plan. The second alternative is not met because without an appraisal of the property given as collateral to the Farmers Home Administration or the prevailing market rate for a loan of term equal to payout period, *In re O'Farrell,* 74 B.R. 421, 424 (Bkrtcy.N.D.Fla.1987); the court, nor anyone, can determine if the secured creditor will receive the equivalent value of the allowed amount of such claim. The third alternative is also not met since debtors are not surrendering the property to the secured creditor.

To provide payment of 5.25 annual interest without more, is clearly insufficient to show that such is the market interest rate. Absent such proof the plan cannot be confirmed. *In re Janssen Charolois Ranch, Inc.,* 73 B.R. 125, 128 (Bkrtcy.Mont.1987). As the Court in *Janssen,* supra, stated:

> "It appears that interest figure was merely pulled out of the hat and bears no resemblance to market interest rates...."

Without a valuation of debtors' property it is impossible to determine if the amount to be paid under the plan is the equivalent value of the claim. *In re Beyer,* 72 B.R. 525 (Bkrtcy.Colo.1987). Therefore, confirmation of the plan is denied.

Pursuant to 11 U.S.C. § 1208(c)(1) and (c)(5) the Court may dismiss a case for unreasonable delay by the debtor that is prejudicial to creditors and for denial of confirmation of plan under section 1225. In this case Redfield has so moved the Court, notice was given and an actual hearing was held on July 21, 1987.

■ This Court finds that debtors belated filing of the schedules and statement of affairs, the untimely modification of the Chapter 12 plan (just 4 days prior to the confirmation hearing) and debtors' failure to provide a valuation of collateral given as security to secured creditor Farmers Home Administration constitutes unreasonable delay prejudicial to creditors, which warrants the dismissal of the case. Moreover, denial of the plan also constitutes cause under 11 U.S.C. § 1208(c).

## CONCLUSION

In view of the foregoing, the instant case is hereby dismissed for unreasonable delay prejudicial to creditors and for denial of having the plan confirmed.

IT IS SO ORDERED.

## ATTACHMENT I

**Case No.** 87-00069(ESL)

In re
ANGEL RIVERA SANCHEZ
MARITZA CRUZ LOPEZ

Soc. Sec. No. 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 Debtor's Employer's Tax Id. No.

Debtor*

CHAPTER 12
PLAN

· *(if this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.)*

1. The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor — debtor's employer shall pay to the trustee the sum of $100.00 1st. year _weekly — bi-weekly — semi-monthly — monthly_ for a period of 36 months, $200.00 2nd. year unsecured & secured creditors. $700.00 3rd. year secured creditors only.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

(b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

Secured creditors will be paid based on the market value of their collaterals or the amount owed whichever one is less during the duration of the plan from the funds held by trustee.

(c) *Subsequent to — pro rata with dividends to secured creditors,* dividends to unsecured creditors whose claims are duly allowed as follows:

Will be paid for the first two years only.

· The following executory contracts of the debtor are rejected:

None

Title to the debtor's property shall revest in the debtor on *confirmation of a plan — upon dismissal of the case after confirmation* pursuant to 11 U.S.C. 227 — *upon closing of the case pursuant to 11 U.S.C. §350.*

Dated: April 23, 1987 *Maritza Cruz Lopez* *Angel Rivera Sanchez*
 Debtor Debtor
Acceptances may be mailed to J.A. Ortiz Siragusa P.O. Box 4431 San Juan P.R. 00905-
 Post Office Address

© 1983 JULIUS BLUMBERG, INC.

82 Chapter 13 Plan (Revised OF 13-6), 8-83

Instructions: cross out inapplicable italic words.
2 Chapter 13 Plan (Revised OF 13-6), 8-83 *Set forth here all names including trade names used by Debtor within last 6 years.*

ATTACHMENT II

IN THE MATTER OF:

ANGEL RIVERA SANCHEZ

MARITZA CRUZ LOPEZ

Debtor

No. 87–00069 (ESL)

CHAPTER 12
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

July 17, 1987

MODIFICATION OF PLAN

TO THE HONORABLE COURT:

1—Debtor's future earnings or other income necessary to the execution of the Plan will be submitted to the supervision and control of the Trustee.

2—Full payment in deferred cash payments of all claims entitled to priority over the duration of the plan.

Trustee will be paid a *maximum* fee of 5% upon all payments under the plan after the Trustee renders his services, and not less than $5.00 per month from any distribution under the plan during its administration, and reimbursement of expenses for actual and necessary expenses after notice & hearing. 11 U.S.C.A. §§ 326(b), 330.

3—Secured Creditors—

Farmers Home Mortgage Administration (FHMA), will be paid on its secured claim allowed based on the market value of their callaterals, or the amount owed whichever is less, over 35 years at 5.25 per cent annual interest, payable first, under the three years of the plan and the remaining term, under 1222(c), payable directly by the debtor.

Payment to FHMA will begin one year after confirmation of the plan or 506(d) complaint, whichever is latter.

Banco Popular de P.R.—will be paid in full from the sale of the Hatillo property, which is the collateral of its mortgage.

4—All Unsecured Creditors whose claims are duly allowed.

a) Will be paid proportionally to their debts from the remaining money available after deducting the payment to the secured creditor who holds the mortgage (B.P.P.R.) and the exemption of $4,150.00 requested by debtor.

b) Will be paid $100.00/mo. for two years, payments to begin on February, 1988.

5—Debtor shall pay the Trustee.

$150.00 for 12 mos. $1,800 –
$225.00 for 12 mos. $2,700 – plus payment to FHMA.
$100.00 for 12 mos. $1,200 – plus payment to FHMA.

First payment to FHMA will be made during the *second* year of the plan, on a monthly basis payable directly by the milk plant to the Trustee for the duration of the plan.

6—*Executory Contracts* —

If assignment of milk proceeds is considered an executory contract, it is rejected.

7—*Liquidation value* —

All non-exempt assets of debtor are collaterals of several security interest of FHMA. Hatillo property will be sold by trustee. (see # 4, above)

All postconfirmation modifications to be made to secured claims will have the same effect as if the original confirmed plan had contained such similar provision to the proposed modification. 11 U.S.C.A. § 1222(c) Debtor is permitted to include in this plan any postpetition secured and unsecured debt.

The administrator of Reglamentación Industria Lechera de P.R., Luis Fullana Morales, has promised to all small milk farmers who can produce 10,000 liters each 14 days, a maximum guarantee price per liter up to 14,000 liters.

Debtor presently has a guarantee price of $.49/liter up to 10,000 liters each 14 days eventhough, his milk cuota is 8,801 liters.

In San Juan, Puerto Rico, July 16, 1987.

/s/ Angel Rivera Sanchez
DEBTOR

CERTIFY that copy of this plan was sent by mail on this date to all listed creditors and to the Trustee, Robert J. Griswold.

/s/ Jose A. Ortiz Siragusa
J.A. ORTIZ SIRAGUSA, ESQ.
P.O. BOX 4431
SAN JUAN, P.R. 00905
TEL. 725-0751

DEBTOR ANGEL RIVERA SANCHEZ Case#87-00069(ESL)
CHAPTER 12 MARITZA CRUZ LOPEZ

### PROJECTED MONTHLY INCOME DURING PLAN

| | PRESENT 200lit/day | 1st Year 500lit/day | 2nd Year 700lit/day | 3rd Year 1000lit/day |
|---|---|---|---|---|
| **INCOME** | | | | |
| SALE OF MILK | 2744 — | 6850 — | 9604 — | 13720 — |
| **OPERATIONAL EXPENSES** | | | | |
| SALARY | 100 — | 100 — | 425 — | 850 — |
| UTILITIES | 200 — | 225 — | 300 — | 400 — |
| FERTILIZER | 170 — | 170 — | 200 — | 300 — |
| VETER. & MEDICINE | 200 — | 200 — | 230 — | 300 — |
| ANIMAL FEED | 3284 — | 3300 — | 3800 — | 4200 — |
| REP.& MAINT.FARM EQUIP. MAINT. | 450 — / 125 — | 400 — / 100 — | 400 — / 125 — | 500 — / 200 — |
| REP. OF CATTLE | 1000 — | 1000 — | 1000 — | 1000 — |
| GAS, OIL&DIESEL | 425 — | 450 — | 475 — | 550 — |
| MISCELLANEOUS | 65 — | 75 — | 75 — | 120 — |
| **TOTAL** | 5714 — | 5570 — | 7030 — | 8420 — |
| **FAMILY EXPENSES** | | | | |
| FOOD | 500 — | 550 — | 600 — | 575 — |
| CLOTHING | 125 — | 125 — | 150 — | 175 — |
| NEWSPAPER&BOOK | 30 — | 30 — | 30 — | 35 — |
| MEDICINE | 70 — | 70 — | 100 — | 120 — |
| TRANSPORT | 75 — | 80 — | 100 — | 120 — |
| RECREATION | 50 — | 75 — | 90 — | 100 — |
| UTILITIES | 100 — | 110 — | 115 — | 125 — |
| SCHOOL FEES | 95 — | 100 — | 110 — | 120 — |
| **SUB-TOTAL** | 1045 — | 1140 — | 1295 — | 1470 — |
| **TOTAL** | 6759 — | 6710 — | 8325 — | 9890 — |
| **INCOME or** | | 150 — | 1279 — | 3830 — |
| **LOSS** | 4015 — | | | |

